UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SONYA L. BROWN,

                      Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**19-CV-577F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                                Attorneys for Plaintiff
                                KENNETH R. HILLER, and
                                ELIZABETH ANN HAUNGS, of Counsel
                                6000 North Bailey Avenue, Suite 1A
                                Amherst, New York  14226

                                JAMES P. KENNEDY, JR.
                                UNITED STATES ATTORNEY
                                Attorney for Defendant
                                Federal Centre
                                138 Delaware Avenue
                                Buffalo, New York  14202
                                        and
                                KATHRYN SARA POLLACK
                                Special Assistant United States Attorney, of Counsel
                                Social Security Administration
                                Office of General Counsel
                                26 Federal Plaza – Room 3904
                                New York, New York  10278
                                        and
                                FRANCIS D. TANKARD, and
                                PAMELA McKIMENS
                                Special Assistant United States Attorneys, of Counsel
                                Social Security Administration
                                Office of General Counsel
                                601 East 12th Street, Room 965
                                Kansas City, Missouri  64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 15).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 10, 2019 (Dkt. 7), and by Defendant on November 6, 2019 (Dkt. 11).

**BACKGROUND**

Plaintiff Sonya L. Brown ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on October 1, 2015, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Social Security Supplemental Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges she became disabled on September 1, 2014, based on high blood pressure, lower back pain, and diabetes.  AR[2] at 179, 181, 237, 251.  Plaintiff's applications initially were denied on December 15, 2015, AR at 82-83, and at Plaintiff's timely request, AR at 92, on June 29, 2018, a hearing was held in Buffalo, New York before administrative law judge Mary Mattimore ("the ALJ").  AR at 38-67 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Jeanne Murray, Esq. ("Murray"), and vocational expert Jay Steinbrenner ("the VE").

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 12, 2019 (Dkt. 6).

2

On August 3, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 13-33 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 173-76.  On March 5, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-9, rendering the ALJ's Decision the Commissioner's final decision.  On May 3, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On September 10, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum").  On November 6, 2019, Defendant moved for judgment on the pleadings (Dkt. 11) ("Defendant's Motion"), attaching Commissioner's Brief in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 on Social Security Cases (Dkt. 11-1) ("Defendant's Memorandum").  Filed on January 6, 2020, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 14) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Sonya L. Brown ("Plaintiff" or "Brown"), born September 16, 1974, was 39 years old as of September 1, 2014, her alleged disability onset date ("DOD"), and 42 years old as of August 13, 2018, the date of the ALJ's Decision.  AR at 28, 179, 181, 237, 266.  As of the June 29, 2018 administrative hearing, Plaintiff was married with

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

3

three adult children and lived with her husband in a single-family house.  AR at 44-45.  Plaintiff attended high school in regular classes through the 11th grade, and has not obtained a GED nor received any vocational training.  AR at 48, 252, 263.  Plaintiff has a driver's license and drives daily.  AR at 46.  Plaintiff babysat her three-year old grandson and worked 21 hours a week through Western New York Independent Living as a personal care aide to her grandmother performing such tasks as sitting with her grandmother, driving her to doctor's appointments, preparing meals, and light cleaning.  AR at 46-47.  In addition to babysitting and working as a personal care aide, Plaintiff did laundry, washed dishes, mopped and swept the floor, went grocery shopping usually accompanied by others but occasionally on her own on which occasions she had to limit the weight of the grocery bags, and visited with family.  AR at 50-51, 57-58.

      Plaintiff's past relevant work experience includes as a housekeeper and laundry worker.  AR at 240, 252.  In 2014, Plaintiff had a transient ischemic attack ("TIA") (mini-stroke).  AR at 292.  Plaintiff claims she is unable to work largely because of problems with her back which Plaintiff attributes to an automobile accident on June 15, 2014 ("the accident").  AR at 49, 52, 302-09.  Plaintiff receives treatment for her back from chiropractor Michael J. Cardamone, D.C. ("Dr. Cardamone"), and Pinnacle Orthopedic and Spine Specialists where she generally saw orthopedic spine surgeon Cameron B. Huckell, M.D. ("Dr. Huckell"), who ordered diagnostic tests but never recommended surgery.  AR at 498-538, 540-79.  Plaintiff also treated from April 14, 2015 to May 7, 2015, with orthopedic surgeon Roger Warren Rogers, D.O. ("Dr. Rogers"), who referred Plaintiff to physical therapy.  AR at 310-13.  Plaintiff attended physical therapy for her back pain from May 19, 2015 to November 30, 2015.  AR at 314-70.  At the time of the

accident, Plaintiff's primary care physician was Brenda L. Perez, M.D. ("Dr. Perez"). AR at 419-50. On March 29, 2017, Plaintiff began receiving primary care from Daniel Trock, M.D. ("Dr. Trock"). AR at 411-18. In connection with her disability benefits applications, on December 2, 2015, Plaintiff underwent a consultative physical examination by John Schwab, D.O. ("Dr. Schwab"). AR at 292-96.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather,

"the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.


423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through December 1, 2019, AR at 18, has not engaged in substantial gainful

activity[5] since September 1, 2014, her alleged disability onset date, *id.*, and suffers from the severe impairments of degenerative joint disease of the lumbar spine and thoracic spine, other intervertebral disc displacement in the lumbar region, lumbago, lumbar and thoracic disc herniation without myelopathy, and obesity, *id.*, and non-severe impairments that do not result in any significant work-related functional limitations including history of a transient ischemic attack ("TIA") in February 2014, resulting in memory changes, diabetes mellitus, hypertension, and gastroesophageal reflux disorder ("GERD"), *id.* at 19, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 19-20. Despite her impairments, the ALJ found Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that Plaintiff can never climb ladders, ropes, scaffolds, or ramps, can occasionally rotate her lumbar area, climb stairs, kneel, crouch, and crawl, can stoop approximately 10% of a workday, can perform simple, routine work and make simple workplace decisions not at a production rate (assembly line) pace. *Id.* at 20-26. Plaintiff is unable to perform any PRW, all of which was unskilled rendering irrelevant the transferability of skills, yet given Plaintiff's RFC, age, limited education and ability to communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including surveillance systems monitor, table worker, and bonding semiconductors. *Id.* at 26-28. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 28.

---

[5] The ALJ's determination that Plaintiff's part-time work as a personal care aide for her grandmother did not rise to the level of substantial gainful employment, AR at 18, is not disputed.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred by rejecting the medical opinion of treating physician Dr. Trock without giving good reasons. Plaintiff's Memorandum at 9-14. Defendant argues the ALJ did not fail to give good reasons for rejecting Dr. Trock's opinion, but considered several factors including that Dr. Trock's opinion was not the only medical source opinion, Defendant's Memorandum at 14-16, and the record as a whole supports the ALJ's determination that Plaintiff retains the RFC for substantial gainful employment. *Id.* at 16-22. In further support of her motion, Plaintiff reiterates that the ALJ failed to provide good reasons for rejecting key limitations set forth in treating physician Dr. Trock's opinion. Plaintiff's Reply at 1-2. Because Plaintiff challenges only the ALJ's determination of Plaintiff's RFC which is predicated on discounting Dr. Trock's November 21, 2017 opinion, AR at 493-96, particularly that Plaintiff would be off task, absent, or need unscheduled breaks, which limitations would preclude Plaintiff from participating in all work in the national economy, the court limits its consideration to whether such determination violated the treating physician rule, rendering the RFC determination unsupported by substantial evidence in the record.

For disability benefits claims filed prior to March 27, 2017, an opinion from a treating medical source is entitled to controlling weight so long as the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. . . ." 20 C.F.R. § 404.1527(c)(2). *See Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. Appx. 34, 35 (2d

9

Cir. 2017) (treating physician's opinion generally entitled to controlling weight when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with other substantial evidence in the case record.") (citations omitted).  Where, however, an ALJ discounts a treating physician's opinion, the ALJ must set forth "good reasons" for doing so.  *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).  The failure to provide good reasons for rejecting a treating physician's opinion is grounds for remand.  *Schall v. Apfel*, 124 F.3d 496, 503-05 (2d Cir. 2004) (*per curiam*) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

In the instant case, in a November 21, 2017 Physical Medical Source Statement ("medical source statement"), Dr. Trock reported treating Plaintiff for eight months, and that Plaintiff's diagnoses include lumbar degenerative disc disease, diabetes, and history of a TIA, assessing Plaintiff's prognosis as "guarded."  AR at 493-96.  Dr. Trock assessed Plaintiff as able to sit or stand for 30 minutes at a time, AR at 494, sit, stand and walk fewer than two hours in an eight hour day, *id.*, required the ability to shift positions at will including periods to walk, *id.*, and required taking unscheduled five-minute breaks every thirty minutes, with such restrictions attributed to muscle weakness, pain, paresthesias, and numbness.  *Id.*  Dr. Trock further reported the severity of Plaintiff's symptoms would cause Plaintiff to be off-task 20% of a typical workday, and based on her impairments and treatment, Plaintiff would miss work four

days a month.  AR at 496.  According to Plaintiff, the ALJ gave Dr. Trock's medical source statement only "some weight" but failed to provide the requisite good reasons for rejecting Dr. Trock's opinion that Plaintiff would be off task, absent, or need unscheduled breaks, which limitations the VE testified at the administrative hearing would preclude all employment.  Plaintiff's Memorandum at 9 (citing AR at 64-65).  There is no merit to Plaintiff's argument because the ALJ did provide good reasons for according Dr. Trock's opinion only "some weight" based on substantial evidence in the record.

In particular, the ALJ considered that Dr. Trock's own treatment progress notes do not support the work-precluding limitations including that upon first examining Plaintiff on March 29, 2017, Dr. Trock reported no pertinent positive findings relevant to Plaintiff's back impairment.  AR at 416-18.  When next seen on July 24, 2017, Plaintiff complained of "acute left-sided low-back pain without sciatica" which Dr. Trock considered an exacerbation of Plaintiff's chronic back pain but was now presenting in a "different place."  AR at 413-14.  At the November 21, 2017 examination for "[p]aperwork completion for disability" following which Dr. Trock prepared the medical source statement, the assessment relative to Plaintiff's back impairment was "other vertebral disc displacement – lumbar region," with Plaintiff's asserted chronic pain reported as "mild."  AR at 650-51.  In his March 12, 2018 treatment progress note, Dr. Trock refers to Plaintiff as having "low back pain status post motor vehicle accident," Plaintiff at that time denied pain, and also denied musculoskeletal symptoms.  AR at 646-49.  Further, Dr. Trock encouraged Plaintiff to increase activity to lose weight, specifically, to walk 30 minutes a day "at an increased pace" for five to seven days a

week.  AR at 649.  These reasons recited by the ALJ, AR at 24, are "good reasons" for rejecting the portion of Dr. Trock's medical source statement containing limitations that would preclude all work as not supported by Dr. Trock's treatment progress notes. *Burgess*, 537 F.3d at 129.  Accordingly, the ALJ did not violate the treating physician's rule by according Dr. Trock's medical source statement only "some weight," and no remand is warranted.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion (Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 14th, 2020
         Buffalo, New York